UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SAMUEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00388-WTL-MPB |
| | ) | |
| CORIZON Kim Hobson, | ) | |
| INTERNAL AFFAIRS, | ) | |
| DENTIST Corizon, | ) | |
| JIMMERSON DR., | ) | |
| GRIEVANCE, | ) | |
| TERESA LITTLEJOHN Specialist, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Samuel Davis, who is incarcerated at the Wabash Valley Correctional Facility, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*,

355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mr. Davis has sued Kim Hobson an employee of Corizon, Internal Affairs, Corizon Dentist Dr. Jimmerson, and Grievance Specialist Teresa Littlejohn. Mr. Davis alleges that he was retaliated against for pursuing grievances and lawsuits at Wabash Valley Correctional Facility.

To state a claim for retaliation, Mr. Davis needs only to allege that he engaged in conduct protected by the First Amendment, and that the defendants retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005, 1008–09 (7th Cir. 2002). A complaint states a claim for retaliation when it sets forth "a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (*quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). "Conversely, alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108.

The complaint alleges that when Mr. Davis told Dr. Jimmerson that she was causing him pain she snatched his hat off his head. In addition, Dr. Jimmerson gave him partial dentures instead of full dentures even though she knew the partials would mess up his teeth. This was allegedly done out of retaliation for filing grievances.

These allegations are sufficient to state an Eighth Amendment deliberate indifference claim and a First Amendment retaliation against Dr. Jimmerson.

No other viable claims were identified in this action. The retaliation claims asserted against Kim Hobson an employee of Corizon, Internal Affairs, and Grievance Specialist Teresa Littlejohn must be **dismissed**. This is because the only allegation against them is that they reported the results of their investigation into Mr. Davis's grievances and that Mr. Davis disagreed with the result. Just as "[a] single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action," an unfavorable result to a grievance, without more is insufficient to serve as the basis of a § 1983 action. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) (citing *Bart*

*v. Telford,* 677 F.2d 622, 625 (7th Cir. 1982) ("A tort to be actionable requires injury. It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise....")).

The **clerk is directed** to terminate all defendants except Dr. Jimmerson on the docket.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Dr. Jimmerson in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 11/20/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

SAMUEL DAVIS
962441
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

Dr. Jimmerson -- Employee
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle , IN 47838

Curtesy Copy:

Douglas Bitner
Katz Korin Cunningham PC
334 North Senate Avenue
Indianapolis, IN  46204-1708